# NO. 12-16-00185-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 258TH* |
| *A.M., A.M., & C.M.,* | § | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | § | *TRINITY COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

M.M. appeals the termination of her parental rights. Her counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

J.M. and M.M. are the parents of A.M., A.M.1, and C.M.[1] On August 5, 2015, the Department of Family and Protective Services (the Department) filed an original petition for protection of the children, for conservatorship, and for termination of J.M.'s and M.M.'s parental rights. The Department was appointed temporary managing conservator of the children, and the parents were allowed limited access to, and possession of, the children.

At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that M.M. had engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (D), (E), (N), (O), and (Q) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between M.M. and the children was in the

---

[1] The oldest two children have the same initials. Therefore, we will refer to the oldest child as A.M. and to the younger child as A.M.1.

children's best interest.[2] Based on these findings, the trial court ordered that the parent-child relationship between M.M. and the children be terminated.  This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

M.M.'s counsel filed a brief in compliance with *Anders*, stating that she has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination.  *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal, and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923.  We have carefully reviewed the appellate record and counsel's brief.  We find nothing in the record that might arguably support the appeal.[3]  *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied).

### DISPOSITION

We agree with M.M.'s counsel that the appeal is wholly frivolous.  However, we *deny* counsel's request to withdraw.  *See In re P.M.*, No. 15-0171, 2016 WL 1274748, at \*3 (Tex. Apr. 1, 2016). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id.* at \*3.  Accordingly, counsel's

---

[2] A presumed father of the children, T.P., signed an affidavit of voluntary relinquishment of parental rights on April 20, 2016.

[3] Counsel for M.M. certified that she provided M.M. with a copy of her brief and informed her that she had the right to file her own brief. M.M. was given time to file her own brief, but the time for filing such a brief has expired and we have received no pro se brief.

obligation to M.M. has not yet been discharged. *See id*. If M.M., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *Id.*; *see A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.). Accordingly, we *affirm* the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered December 27, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 27, 2016**

**NO. 12-16-00185-CV**

**IN THE INTEREST OF A.M., A.M., & C.M., CHILDREN**

Appeal from the 258th District Court
of Trinity County, Texas (Tr.Ct.No. 22,007)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*